FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 23 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  MARLON LEROY ROBERSON.<br><br>MARLON LEROY ROBERSON,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO,<br><br>Respondent,<br><br>KEVIN CHAPPELL, Warden,<br><br>Real Party in Interest. | No. 13-72826<br><br>D.C. No. 2:12-cv-01674-GEB-AC Eastern District of California, Sacramento<br><br><br>ORDER |

Before:  THOMAS, McKEOWN, and RAWLINSON, Circuit Judges.

To the extent petitioner's August 14, 2013 filing is a petition for a writ of

mandamus directing action in the pending petition for a writ of habeas corpus, the

petition is denied.  Petitioner has not demonstrated that this case warrants the

intervention of this court by means of the extraordinary remedy of mandamus.  *See*

*Bauman v. U.S. Dist. Court*, 557 F.2d 650 (9th Cir. 1977).

jp/MOATT

To the extent petitioner seeks leave to amend the pending petition for a writ of habeas corpus to raise new claims, petitioner may file a motion in the district court for leave to amend.

To the extent petitioner's August 14, 2013 filing is a petition for a writ directing action by a state court or agency, the petition is dismissed.  We lack jurisdiction to issue such a writ.  *See* 28 U.S.C. § 1651; *Demos v. U.S. Dist. Court*, 925 F.2d 1160, 1161 (9th Cir. 1991); *Lights of Am. v. U.S. Dist. Court*, 130 F.3d 1369, 1370 (9th Cir. 1997) (courts must possess an independent source of jurisdiction before entertaining a petition made pursuant to the All Writs Act ).

All pending motions are denied as moot.

No further filings will be entertained in this closed case.

**DENIED in part; DISMISSED in part**.

jp/MOATT                                    2