UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON LEROY ROBERSON, | No. 2:12-cv-01674 GEB AC |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| KEVIN CHAPPELL, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis on his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. The action proceeds on the petition for writ of habeas corpus filed on May 16, 2012. ECF No. 1. Respondent has answered, ECF No. 16, and petitioner has filed a traverse, ECF No. 18. The parties agree that the petition is timely filed.

For the reasons set forth below, the undersigned recommends that the petition be DENIED on the merits.

I.  Factual and Procedural Background

Petitioner was charged in the Sacramento Superior Court by an amended information charging him with one count of petty theft with a prior theft conviction and one count of second-degree commercial burglary. The facts underlying these charges stemmed from an incident at a Walmart store on the afternoon of September 7, 2010.

A loss prevention officer first became suspicious of petitioner and a male companion

when he observed them pulling items off the shelves randomly "without really looking at the price [and] opening packages." RT 69-70.[1] He then requested that store surveillance cameras watch the two men while he continued to observe them from the store floor. RT 73, 98. Petitioner was caught on surveillance footage using a razor blade to cut open the packaging from fishing reels in order to remove the anti-theft devices inside. RT 77-81. The two men were then observed placing items into Walmart shopping bags which they then placed into shopping carts. RT 87-88. Petitioner's companion then left the store carrying one or more of the shopping bags without paying for the merchandise. RT 89. He was immediately apprehended by store security personnel. Id. After watching his companion be detained, petitioner immediately abandoned his shopping cart filled with merchandise and fled the store on foot. RT 90-92. He was apprehended a short time later by Sacramento Sheriff's Officer Todd Henry. RT 92-94, 110-111. Another officer discovered a razor blade in the store's parking lot where appellant was seen running. RT 120. The total value of the merchandise recovered from the plastic bags in petitioner's shopping cart was $252.96. RT 89-90, 96.

Following a jury trial, petitioner was convicted of petty theft with a prior, but acquitted of the commercial burglary charge. RT 74. The trial court found that petitioner had suffered one prior strike conviction as well as served one prior prison term. Petitioner was sentenced to 3 years, 8 months. RT 146.

Petitioner filed a notice of appeal and was appointed counsel to represent him. Petitioner's counsel filed an opening brief with the California Court of Appeal on October 4, 2011 arguing that the trial court had erred in refusing to strike petitioner's prior serious felony conviction. Lodged Doc. 3. For reasons that are not clear from the record, petitioner filed a request to dismiss his appeal and to have his court appointed attorney removed from the case. See Lodged Doc. 4 (docket sheet from the California Court of Appeal). The court of appeal dismissed petitioner's direct appeal on October 13, 2011 pursuant to his request. Id.

Proceeding pro se, petitioner then completed one full round of state habeas review raising

---

[1] "RT" refers to the one volume of reporter's transcripts lodged by respondent. See Lodged Doc. 2.

2

the same jury instruction challenges that are presented in the instant 28 U.S.C. § 2254 petition. See Lodged Docs. 5, 6, and 8.

II. Claims for Relief

Petitioner raises six claims for relief, all challenging the trial court's jury instructions. In his first two claims, petitioner argues that the trial court erroneously failed to fully and adequately instruct on the specific intent and asportation elements of theft by larceny. ECF No. 1 at 6. In his next two claims he argues that the trial court erroneously failed to instruct the jury sua sponte on the statutory definition of theft by larceny. ECF No. 1 at 6, 8. In his fifth claim, petitioner alleges that the trial court failed to instruct the jury sua sponte of the lesser included offense of attempted theft. ECF No. 1 at 9. Finally, petitioner argues that the trial court's instructions failed to inform the jury that the prosecution had the burden to prove "each element" of the charged offense beyond a reasonable doubt. ECF No. 1 at 10.

The Sacramento Superior Court denied the habeas petition raising these claims by first concluding that they were barred because they "could have been raised on appeal but were not…." ECF No. 1 at 18. It denied relief on this basis with citation to In re Harris, 5 Cal. 4th 813, 829 (1993), In re Dixon, 41 Cal.2d 756, 759 (1953), and In re Waltreus, 62 Cal.2d 218, 225 (1965). Id. The state court alternatively denied relief on the merits of the jury instruction claims by stating that "[t]he court used the approved instructions from CALCRIM on petty theft, mental state and specific intent, and reasonable doubt. The court is not required to instruct on attempt unless the evidence would support that instruction, and here it did not." ECF No. 1 at 18.

III. Procedural Default

In his answer, respondent contends that all of petitioner's claims are procedurally defaulted because the state court held, with citation to Dixon, that the jury instruction challenges could have been, but were not, raised on direct appeal. ECF No. 16 at 7. Petitioner argues that the Dixon bar is not independent and adequate because "it was subject to more than one interpretation with the superior court purporting to deny relief on both procedural grounds and the merits as well." ECF No. 18 at 3. Petitioner appears to argue in his supplemental exhibits to the petition that any procedural default should be excused based on appellate counsel's alleged

3

ineffectiveness in failing to "raise crucial assignments of error that arguably could have resulted in reversal." ECF No. 20 at 3.

District courts retain the discretion to determine a petition on its merits, bypassing an asserted procedural defense, where the underlying claims are "clearly not meritorious." See Lambrix v. Singletary, 520 U.S. 518, 525, (1997); see also Day v. McDonough, 547 U.S. 198, 208–09 (2006) (district courts can exercise discretion in each case to decide whether the administration of justice is better served by dismissing the case on statute of limitations grounds or by reaching the merits of the petition); Granberry v. Greer, 481 U.S. 129, 135 (1987) (discussing ability of district court to bypass exhaustion determination where the petitioner does not raise a colorable federal claim). Adjudication of the procedural default issue in this case would require determining the adequacy of the Dixon bar by reviewing whether it has been consistently applied by state courts after In re Harris, 5 Cal.4th 813 (1993), the California Supreme Court decision clarifying the rule. See Bennett v. Mueller, 322 F.3d 573 (9th Cir. 2003).[2] Because the claims are plainly without merit for the reasons explained below, the court should exercise its discretion to bypass the procedural default question and rule on the merits of the petition.

IV. Standards Governing Habeas Relief Under the AEDPA

28 U.S.C. § 2254, as amended by the AEDPA, provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[2] "Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. Once having done so, however, the ultimate burden is the state's." Id.

4

>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court decision is "contrary to" clearly established federal law if the decision "contradicts the governing law set forth in [the Supreme Court's] cases." Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision "unreasonably applies" federal law "if the state court identifies the correct rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case." Williams, 529 U.S. at 407–08. It is not enough that the state court was incorrect in the view of the federal habeas court; the state court decision must be objectively unreasonable. Wiggins v. Smith, 539 U.S. 510, 520–21 (2003). State court decisions can be objectively unreasonable when they interpret Supreme Court precedent too restrictively, when they fail to give appropriate consideration and weight to the full body of available evidence, and when they proceed on the basis of factual error. See e.g., Williams, 529 U.S. at 397–98; Wiggins, 539 U.S. at 526–28 & 534; Rompilla v. Beard, 545 U.S. 374, 388–909 (2005); Porter v. McCollum, 558 U.S. 30, 42 (2009).

The "unreasonable application" clause permits habeas relief based on the application of a governing principle to a set of facts different from those of the case in which the principle was announced. Lockyer, 538 U.S. at 76. AEDPA does not require a nearly identical fact pattern before a legal rule must be applied. Panetti v. Quarterman, 551 U.S. 930, 953 (2007). Even a general standard may be applied in an unreasonable manner. Id. In such cases, AEDPA deference does not apply to the federal court's adjudication of the claim. Id. at 948.

The phrase "clearly established Federal law" in § 2254(d)(1) refers to the "governing legal principle or principles" previously articulated by the Supreme Court. Lockyer v. Andrade, 538 U.S. 63, 71–72 (2003). Clearly established federal law also includes "the legal principles and standards flowing from precedent." Bradley v. Duncan, 315 F.3d 1091, 1101 (9th Cir.2002) (quoting Taylor v. Withrow, 288 F.3d 846, 852 (6th Cir. 2002)). Only Supreme Court precedent may constitute "clearly established Federal law," but circuit law has persuasive value regarding what law is "clearly established" and what constitutes "unreasonable application" of that law. Duchaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 2000).

Section 2254(d) constitutes a "constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus." Williams, 529 U.S. at 412. To prevail, therefore, a habeas petitioner must establish the applicability of one of the § 2254(d) exceptions and also must also affirmatively establish the constitutional invalidity of his custody under pre-AEDPA standards. Frantz v. Hazey, 533 F.3d 724 (9th Cir.2008) (en banc). There is no single prescribed order in which these two inquiries must be conducted. Id. at 736–37. The AEDPA does not require the federal habeas court to adopt any one methodology. Lockyer v. Andrade, 538 U.S. 63, 71(2003).

V.      Merits

Erroneous jury instructions do not support federal habeas relief unless the infirm instruction so infected the entire trial that the resulting conviction violates due process. Estelle v. McGuire, 502 U.S. 62, 72 (1991) (citing Cupp v. Naughten, 414 U.S. 141, 147 (1973)). See also Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974) (" '[I]t must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some [constitutional right]' "). The challenged instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record overall. Estelle, 502 U.S. at 72. Moreover, relief is only available if there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution. Id. at 72–73.

The Sacramento Superior Court's denial of habeas corpus relief, ECF No.1 at 18, constitutes the last reasoned decision on the merits of petitioner's due process challenges in this case. See Ylst v. Nunnemaker, 501 U.S. 797 (1991). Accordingly, it forms the basis of this court's AEDPA review for reasonableness. See 28 U.S.C. § 2254(d). Because the state court adjudicated the claim in a reasoned opinion, review under § 2254(d) is confined to "the state court's actual reasoning" and "actual analysis." Frantz, 533 F.3d at 738.

Claims 1-4

In his first claim, petitioner alleges that the trial court failed to "fully and adequately" instruct the jury that specific intent was required to support a charge of theft by larceny. The

court gave CALJIC 14.03, which further defines the intent element of theft.[3] Petitioner does not dispute that the jury was instructed that the defendant "must not only intentionally commit the prohibited act, but must do so with a specific intent" which was further defined as the "inten[t] to deprive the owner of [the property] permanently" at the time of the taking. CT 123, 118.[4] Petitioner merely argues that further supplemental instruction was required without any explanation as to why.

In his second claim, petitioner argues that the trial court failed to instruct on the asportation element of theft by larceny. However, the record establishes that the jury was instructed that petty theft requires that "[t]he defendant moved the property, even a small distance, and kept it for any period of time, however brief." CT 123. Therefore, the record belies petitioner's assertion.

The third and fourth claims of the petition are merely a recapitulation of the first two claims, with the additional assertion that the trial court had a sua sponte duty to accurately instruct the jury on the elements of theft by larceny. While these additional claims may have been added to the petition to pre-empt the argument that defense counsel failed to request further instructions defining the elements, it does not change this court's review or analysis of the substantive claims. For these reasons, these claims will not be addressed separately.

The state court concluded that the jury was adequately instructed "by the use of the approved instructions from CALCRIM on petty theft, mental state and specific intent…." ECF No. 1 at 18. While the last reasoned state court opinion does not cite to any federal law to support this conclusion, the Supreme Court has emphasized that "a state court decision is not contrary to Supreme Court precedent just because it fails to cite federal law." See Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam). If the reasoning and result are not contrary to Supreme Court precedent, then relief is not warranted under the AEDPA. Id.

---

[3] This standard instruction provides that "[t]he specific intent required is satisfied by either an intent to deprive an owner permanently of his or her property, or to deprive an owner temporarily, but for an unreasonable time, so as to deprive him or her of a major portion of its value or enjoyment."

[4] "CT" refers to the single volume of clerk's transcripts filed by the respondent. See Lodged Doc. 1.

The state court decision rejecting these claims is not contrary to nor an unreasonable application of Supreme Court precedent. Here, there is no support in the record for petitioner's assertion that supplemental instruction was required on the element of intent for the petty theft charge. See Boyde v. California, 494 U.S. 370, 384–85 (1990) (stating the general presumption that a jury follows its instructions); Wade v. Calderon, 29 F.3d 1312, 1321 (9th Cir.1994), cert. denied, 513 U.S. 1120 (1995). The jury never asked for any further definition, nor did they ask any questions related to this element. In this case, the evidence of intent was demonstrated beyond peradventure by the store surveillance videotape. Petitioner's challenge to the jury instruction on asportation is more a quarrel with state law than a constitutional claim. Under California law, simply taking an item off a store shelf is sufficient to satisfy the asportation element of theft even if one does not pass the point of sale. See e.g., People v. Thompson, 158 Cal.App.2d 320 (1958). The state court's conclusion that the jury was adequately instructed on the intent and asportation elements of petty theft is amply supported by the record. See also Henderson v. Kibbe, 431 U.S. 145, 155 (1977) (recognizing that "[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law" and, therefore, a habeas petitioner whose claim of error involves the failure to give a particular instruction bears an "especially heavy" burden).

Claim 5

In his fifth claim for relief, petitioner argues that the trial court was required to instruct the jury on the lesser included offense of attempted theft.[5] The state court denied this claim finding that there was no duty to instruct on attempted theft because the evidence did not support that instruction. See ECF No. 1 at 18.

Simply put, there is no clearly established federal law entitling petitioner to relief on this claim. A state trial court is not constitutionally required to instruct on a lesser included offense in

---

[5] This argument assumes that there is such a crime under California law as attempted petty theft with a prior conviction. But see People v. Bean, 213 Cal. App. 3rd 639 (1989) (finding no such crime as attempted petty theft with a prior) In petitioner's case the trial court denied the request for the lesser included offense instruction by viewing the situation as one where petitioner was charged with petty theft since the issue of the prior conviction had been bifurcated. See RT 167. Therefore, the trial court's analysis was not solely predicated on the Bean decision. Id.

1  a non-capital case. Compare Beck v. Alabama, 447 U.S. 625 (1980) (holding that a capital jury
2  was required to be instructed on the lesser included offense because "death is different");with
3  Tolbert v. Page, 182 F.3d 677 (9th Cir. 1999) (en banc) (finding application of Beck to non-
4  capital case barred by Teague v. Lane, 489 U.S. 288 (1989)). Where the Supreme Court has not
5  clearly established the right asserted, § 2254(d) precludes relief. See Carey v. Musladin, 549
6  U.S. 70, 77 (2006). Moreover, it has long been established in the Ninth Circuit that the failure of
7  a state court to instruct on a lesser included offense does not present a federal constitutional
8  question and therefore cannot provide a basis for habeas relief. See Bashor v. Riley, 730 F.2d
9  1228 (9th Cir. 1984).

10  While the Ninth Circuit has left open the possibility of relief when a state court denies a
11  lesser included offense instruction when it constitutes the theory of defense, here defense counsel
12  was not precluded from arguing that a theft had not been completed. See RT at 186; see also
13  Bashor, 730 F.2d at 1240. However, that defense theory, if believed by the jury, would have
14  resulted in an acquittal of petty theft rather than a conviction on the lesser included offense of
15  attempted petty theft. See RT 165 (denying request for the lesser offense instruction). In this
16  case, the defense pursued an all-or-nothing strategy which ultimately proved successful because
17  the jury acquitted petitioner of the commercial burglary charge. In this light, the state court
18  rejection of this claim based on a lack of evidence to support the lesser offense of attempted petty
19  theft was not objectively unreasonable.

20  Claim 6

21  In his last claim for relief petitioner alleges that the jury was not instructed that the
22  prosecution had the burden to prove "each element" of the charged offense beyond a reasonable
23  doubt. Once again, this claim is belied by the record. The trial judge repeatedly instructed the
24  jury that "[w]henever I tell you the People must prove something, I mean they must prove it
25  beyond a reasonable doubt unless I specifically tell you otherwise." CT at 101, 111. Here there
26  is nothing in the record to demonstrate that the jury misunderstood the instructions or applied
27  them in a way that was contrary to their instructions. See Richardson v. Marsh, 481 U.S. 200,
28  211 (1987) (stating that a jury is presumed to follow its instructions).

The constitutional question is whether there is a reasonable likelihood that the jury understood the instructions to allow conviction based upon proof insufficient to meet the Winship standard. Victor v. Nebraska, 511 U.S. 1, 5–6 (1994) ("[T]he proper inquiry is not whether the instruction 'could have' been applied in an unconstitutional manner, but whether there was a reasonable likelihood that the jury did so apply it.")  Since the jury was properly instructed on the correct burden of proof, the state court did not unreasonably apply Supreme Court jurisprudence in rejecting this claim.

VI.   Petitioner's Emergency Motion to Expedite Proceedings

On October 28, 2013, petitioner filed a motion requesting an expedited review of the instant federal habeas petition based on his impending release date of February 28, 2014.  ECF No. 28 at 1.  Based on the recommendation to deny the petition on the merits, petitioner's motion is moot.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus be denied; and

2. Petitioner's emergency motion to expedite be denied as moot.

VII.   Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the

1  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

2  F.2d 1153 (9th Cir. 1991).

3  DATED: November 5, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE